I concur in the majority's analysis and disposition of appellant's second assignment of error. I further concur in the majority's disposition of appellant's first and third assignments of error but believe they deserve further analysis based upon the Ohio Supreme Court's pronouncement in State v. Webb (1994), 70 Ohio St.3d 325.[2]
In Webb, the Ohio Supreme Court stated, "A prosecutor generally may note that his or her evidence is uncontradicted unless it is evidence only the defendant could contradict." Id. at 329. (Citation omitted). Appellant argues only the appellant could contradict the testimony given by Wright and Salser because the three of them were the only people present when the shootings occurred. Therefore, appellant argues, the prosecutor's closing argument was an improper comment on the appellant's failure to testify and violated his rights under both the United States Constitution and the Ohio Constitution; more specifically, hisfifth amendment right against self-incrimination. Appellee responds in a conclusory fashion by claiming "Clearly that is not the case on this record." Appellee's Brief at 2.
I believe the prosecutor's comment herein did violate the prohibition set forth in Webb. Based upon the facts presented in the case subjudice, only the appellant could contradict the testimony of Wright and Salser. Accordingly, the prosecutor's comment was improper.
Nevertheless, I find the prosecutor's improper comment does not merit reversal. The evidence was sufficiently strong in this case that it is beyond a reasonable doubt the jury would have convicted appellant even without the prosecutor's improper comment.
 _________________________ WILLIAM B. HOFFMAN, JUDGE
[2] The majority does not address the applicability of Webb despite the fact it was decided eleven years after State v. Ferguson (1983),5 Ohio St.3d 160, and its applicability was specifically argued in both appellee's brief and appellant's reply brief. (Appellee's Brief at 2; Appellant's Reply Brief at 1-2).